**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorneys for Plaintiff,*
Brenda Noriega

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENDA NORIEGA,** | **Case No.: 3:21-cv-05365** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **DISCOVER BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, AND INNOVIS DATA SOLUTIONS, INC.,** | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;** |
| | **2.) THE FAIR CREDIT BILLING ACT, 15 U.S.C. §§ 1601, ET SEQ., SPECIFICALLY 15 U.S.C. §§ 1666-1666J;** |
| Defendants. | **3.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.;** |
| | **4.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.** |
| | **DEMAND FOR JURY TRIAL** |

///

///

///

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is a case about a consumer who attempted to purchase a purse, had her Discover card declined twice, and ended up using a VISA card to complete the purchase – only to have a duplicate charge show up and go through on her Discover account a day or so after the Discover card declined. Discover has refused to remove the charge, continued to bill Plaintiff for the charge, and has reported the inaccurate balance to all of Plaintiff's credit disclosures. Neither Discover nor any of the consumer reporting agencies will fix Plaintiff's credit despite documentary evidence being provided.

2. **BRENDA NORIEGA** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **DISCOVER BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and INNOVIS DATA SOLUTIONS, INC.** for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), the Fair Credit Billing Act ("FCBA") 15 U.S.C. § 1601, et seq., specifically 15 U.S.C. §§ 1666-1666J;, the California Civil Code § 1785 et seq. ("CCRAA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

6.   Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

7.   The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970.  The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …"  FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205.  The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1]  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

8.   The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the

---

[1]   FCRA, 15 U.S.C. §1681(a)(4)
[2]   California Civil Code § 1785.1(d)

FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

9.   Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

10.   Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

11.   This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., ("FCRA"), the Fair Credit Billing Act ("FCBA") 15 U.S.C. §1666 et seq., the California Civil Code § 1785 et seq. ("CCRAA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

12.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

13.   In enacting the FDCPA, Congress found that:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.   Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

14. Similarly, when enacting the RFDCPA, the California Legislature found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

15. The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

16. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

consumer" standard. *Gonzales* at 1061.   This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication.   Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

### INTRADISTRICT ASSIGNMENT

17. Intradistrict assignment to the SAN FRANCISCO/OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SAN MATEO.

### PARTIES

18. Plaintiff is a natural person who resides in the County of San Mateo, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b). Plaintiff is an "obligor" pursuant to the FCBA, 15 U.S.C. 1601, et seq., specifically 15 U.S.C. §§ 1666-1666J. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant Discover Bank (hereinafter "Defendant Discover") is a Delaware corporation operating from an address of 502 E. Market Street, Greenwood, DE 19950, and is a "person" as defined by 15 U.S.C. § 1681a(b). Discover is a "creditor" pursuant to the FCBA, 15 U.S.C. §1602(g). Discover is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

20. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. Defendant Equifax Information Services, LLC (hereinafter "Defendant Equifax") is a Georgia corporation operating from an address of 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

22. Defendant Experian Information Solutions, Inc. (hereinafter "Defendant Experian") is an Ohio corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

23. Defendant Trans Union, LLC (hereinafter "Defendant Trans Union") is a Delaware corporation operating from an address of 555 West Adams Street, Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

24. Defendant Innovis Data Solutions, Inc. (hereinafter "Defendant Innovis") is a Missouri corporation operating from an address of 250 E Broad Street 18th Floor, Columbus, OH 43215, and is a "person" as defined by 15 U.S.C. § 1681a(b).

25. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

26. Defendants Equifax, Experian, Trans Union, and Innovis are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

27. Defendant Discover is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences and is a "person" who "furnished

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1   information on a specific transaction or experience to any consumer credit

2   reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

3   28. Plaintiff is informed and believes, and thereon allege that at all times herein

4   mentioned Named Defendants were agents, officers, directors, managing

5   agents, employee and/or joint venturer of each of their co-defendants and, in

6   doing the things hereafter mentioned, each was acting in the scope of his

7   authority as such agent, officer, director, managing agent, employee, and/or

8   joint venturer, and with the permission, knowledge, ratification, and consent of

9   their co-defendants, and each of them. Any reference hereafter to "Defendants"

10  without further qualification is meant by Plaintiff to refer to each Defendant,

11  and all of them, named above.

### FACTUAL ALLEGATIONS

13  29. Plaintiff is an individual residing in the County of San Mateo in the State of

14  California.

15  30. Plaintiff is informed and believes, and thereon alleges, that at all times relevant,

16  Defendants conducted and continue to conduct business in the State of

17  California.

18  31. Plaintiff made multiple requests for reinvestigation with the CRA's, including

19  Defendants Equifax, Experian, Trans Union, and Innovis to dispute the

20  erroneous credit reporting by Defendant Discover.

21  32. Upon information and belief, the CRA's forwarded Plaintiff's disputes to

22  Defendant Discover.

23  33. Within the five years previous to the filing of this Complaint, Defendants

24  Equifax, Experian, Trans Union, and Innovis prepared and distributed one or

25  more consumer reports, as that term is defined by Section 1681a(d) of the

26  FCRA, pertaining to Plaintiff that contained misleading or inaccurate

27  information related to Plaintiff's account held by Defendant Discover.

28  ///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

34. Defendants Equifax, Experian, Trans Union, and Innovis failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to Plaintiff's account held by Defendant Discover.

35. Defendants Equifax, Experian, Trans Union, and Innovis knows that furnishers often fail to correct inaccurately reported information when the consumer provides documentary evidence that the information reported is incorrect.

36. Defendants Equifax, Experian, Trans Union, and Innovis have been sued by consumers and have suffered judgments as a result of furnisher failures to correct inaccurately reported information when there is documentary evidence that the information reported is inaccurate.

37. Defendant Discover knows that it often fails to correct inaccurately reported information when the consumer provides documentary evidence that the information reported is incorrect.

38. Defendant Discover has been sued by consumers and suffered judgments as a result of its failures to correct inaccurately reported information when there is documentary evidence that the information reported is inaccurate.

39. Within the last five years, Plaintiff has requested a copy of their credit files from Defendants Equifax, Experian, Trans Union, and Innovis and did not receive all of their credit files or all of the information contained in those credit files.

40. Defendants Equifax, Experian, Trans Union, and Innovis have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

41. In responding to the disputes received by the CRA's, Defendant Discover conducted no investigation of the accuracy of its furnishing.

42. Other than sending the disputes to Defendant Discover, Defendants Equifax, Experian, Trans Union, and Innovis did nothing to investigate whether or not Plaintiff's was reporting accurately.

43. On July 13, 2020, Plaintiff went to the Louis Vuitton store in Palo Alto, California, and attempted to purchase a purse for $1,722.30.

44. First, she swiped her Discover card. It was declined.

45. She swiped her Discover card a second time. It declined again.

46. Plaintiff then switched out her cards, and swiped a Visa Credit card, which went through.

47. Plaintiff left the Louis Vuitton store with one purse, purchased for $1,722.30.

48. Plaintiff received a receipt from this purchase showing that there was 1 purse purchased using a Visa Credit card ending in -7128.

49. On July 13, 2020, after leaving the store, Plaintiff checked her Discover account and found that there was a charge on her Discover card for $1,722.30.

   a. Discover told her it could be a chip error, and that if she waited a few days it might go away.

   b. The charge did not go away – in fact, it went from just pending to actually being charged to her card.

50. Plaintiff checked her Visa Credit card account and found that there was a charge on her Visa card for $1,722.30. Plaintiff was in possession of only one purse.

51. Discover asked Plaintiff to open a dispute online, so she went to her Discover account online and opened a dispute.

   a. Through her Discover account, Plaintiff told Discover that the statement contained a billing error in the amount of $1,722.30 and explained in writing that her Discover card had been declined twice, so she used her Visa to complete the purchase instead – meaning there should be no charge for $1,722.30 on her Discover account statement.

52. Pursuant to Plaintiff's written dispute to Discover, Discover provisionally credited her account on July 27, 2020. This was reversed on her 8/7/2020-9/6/2020 Discover statement.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

53. Plaintiff disputed again to Discover. Discover again provisionally credited her account on September 23, 2020. This was again reversed on her 11/7/2020-12/6/2020 Discover statement. Since December 2020, the inaccurate charge has remained on Plaintiff's Discover account statement, and Discover has reported an inaccurate balance monthly to Equifax, Experian, Trans Union, and Innovis.

54. Plaintiff went back and forth with Discover from July 13, 2020, through December 2020, when the second temporary credit Discover issued was removed, and the inaccurate charge was placed back on Plaintiff's credit account. The inaccurate charge is still on Plaintiff's credit account as of the date of filing this action.

55. Plaintiff checked her credit in January 2021, March 2021, April 2021, and July 2021. The inaccurate balance on the Discover card has been on one or more of her credit disclosures every time.

56. Plaintiff sent written disputes to Discover, Equifax, Experian, Trans Union, and Innovis, in May 2021, asking them to reverse the inaccurate charge and correctly report the balance on her Discover account.

57. Notwithstanding the Plaintiff's written disputes, Equifax, Experian, Trans Union, and Innovis reported that the Discover account had been "verified" as accurate.

58. Upon information and belief, Plaintiff alleges that on one or more occasions Equifax, Experian, Trans Union, and Innovis forwarded Plaintiffs' disputes to Discover.

59. Upon information and belief, Discover was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

60. Defendants did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," yet still allowed the inaccurate and misleading information to report on Plaintiff's credit reports.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

61. Defendants each received but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the account from the Plaintiffs' credit files.

62. Defendants each had actual knowledge of the inaccuracies and deliberately chose to ignore and permit same.

63. After receiving Plaintiffs' notices of the inaccuracies and within the two years preceding the filing of this action, Equifax, Experian, Trans Union, and Innovis prepared and published to third parties multiple inaccurate consumer reports about Plaintiffs which contained the inaccurate information.

**ACTUAL DAMAGES**

64. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by damage to credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation, and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

65. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681E(B)**

**[AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendants, Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

68. As a result of the conduct, actions and inactions of Equifax, Experian, Trans Union, and Innovis the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

69. The conduct, actions and inactions by Equifax, Experian, Trans Union, and Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1  Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C.
2  §1681o.

3  70. The Plaintiff is entitled to recover actual damages, statutory damages, costs and
4  attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount
5  to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(1)**

**[AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint
as though fully stated herein.

72. Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(l)
on multiple occasions by failing to conduct a reasonable reinvestigation to
determine whether the disputed information is inaccurate and record the current
status of the disputed information or delete the item from the Plaintiff's credit
files.

73. As a result of the conduct, actions and inactions of Equifax, Experian, Trans
Union, and Innovis the Plaintiff suffered actual damages including without
limitation, by example only and as described herein on Plaintiff's behalf by
counsel: damage to credit, damage to reputation, embarrassment, humiliation
and other mental and emotional distress.

74. The conduct, actions and inactions by Equifax, Experian, Trans Union, and
Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis
liable for punitive damages in an amount to be determined by the Court pursuant
to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and
Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C.
§1681o.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

75. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(2)(A)**

**[AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]**

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Discover with all the relevant information regarding Plaintiff's disputes.

78. As a result of the conduct, actions and inactions of Equifax, Experian, Trans Union, and Innovis the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

79. The conduct, actions and inactions by Equifax, Experian, Trans Union, and Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

80. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(4)

### [AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

83. As a result of the conduct, actions and inactions of Equifax, Experian, Trans Union, and Innovis the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

84. The conduct, actions and inactions by Equifax, Experian, Trans Union, and Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

85. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT V

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681I(A)(5)(A)

### [AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

88. As a result of the conduct, actions and inactions of Equifax, Experian, Trans Union, and Innovis the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

89. The conduct, actions and inactions by Equifax, Experian, Trans Union, and Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

90. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///
///
///
///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COUNT VI**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(C)**

**[AGAINST EQUIFAX, EXPERIAN, TRANS UNION, AND INNOVIS]**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. Equifax, Experian, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit files.

93. As a result of the conduct, actions and inactions of Equifax, Experian, Trans Union, and Innovis the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

94. The conduct, actions and inactions by Equifax, Experian, Trans Union, and Innovis were willful, rendering Equifax, Experian, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Equifax, Experian, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

95. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT VII

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681S-2(B)(1)(A)

## [AGAINST DEFENDANT DISCOVER]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

98. Discover understood the nature of Plaintiff's disputes when it received an ACDV from Equifax, Experian, Trans Union, and Innovis.

99. As a result of the conduct, actions and inactions of Discover the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

100. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Discover were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

101. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT VIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST DEFENDANT DISCOVER]

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

104. As a result of the conduct, actions and inactions of Discover the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

105. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Discover were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

106. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

### [AGAINST DEFENDANT DISCOVER]

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

108. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Discover reporting to Plaintiff's credit files with Equifax, Experian, Trans Union, and Innovis without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

109. As a result of the conduct, actions and inactions of Discover the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

110. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Discover intended their employees or agents to follow.

111. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Discover were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

112. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT X**

**VIOLATION OF THE FAIR CREDIT BILLING ACT**

**15 U.S.C. § 1666**

**[AGAINST DEFENDANT DISCOVER]**

113. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

114. Discover violated 15 U.S.C. §1666(a)(B)(i) by failing to make appropriate corrections in the account of the obligor, instead responding by sending Plaintiff a written explanation which directly contradicts itself, and continuing to hold Plaintiff liable for an amount she does not owe.

115. As a result of the conduct, actions, and inactions of Discovery, Plaintiff suffered actual damages including and without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

116. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. §1640(a).

## COUNT XI
### VIOLATION OF THE CCRAA
### CAL CIV § 1785.25(A)
### [AGAINST DEFENDANT DISCOVER]

117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

118. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

119. As a result of the conduct, actions and inactions of Discover the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: damage to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

120. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal Civ §1731(a)(2)(B). In the alternative Discover were negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

121. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

## COUNT XII

### VIOLATION OF § 1788.17 OF THE RFDCPA

122. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

123. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

124. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e.

   a. Defendant violated 15 U.S.C. §1692e(8) by communication to any person credit information which is known or should be known to be false, including failure to communicate that a debt is disputed.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

   a) Actual damages;

   b) Statutory damages;

   c) Punitive damages;

   d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o against each Defendant and for Plaintiff;

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

e) Costs and reasonable attorney's fees pursuant to Cal Civ §1731(a)(1) against Defendant Discover and for Plaintiff;

f) Two times the amount of the finance charge in connection with the transaction at issue in this case pursuant to 15 U.S.C. §1640(a)(2)(A)(iii) against Defendant Discover and for Plaintiff;

g) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3) against Defendant Discover and for Plaintiff;

h) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 against Defendant Discover and for Plaintiff;

i) Costs and reasonable attorney's fees pursuant to Cal Civ § 1788.30 against Defendant Discover and for Plaintiff;

j) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

k) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

l) Award to Plaintiff of such other and further relief as may be just and proper.

///
///
///
///
///
///
///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## **TRIAL BY JURY IS DEMANDED**

125. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

**THE CARDOZA LAW CORPORATION**

DATED:  July 13, 2021

BY: /s/ Lauren B. Veggian

Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Brenda Noriega

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104